This matter is before this court upon appeal of defendant, John Toles, from a determination by the Franklin County Court of Common Pleas that R.C. 2950.09(C) is not impermissibly vague and does not violate the ExPost Facto Clause of the United States Constitution, the Retroactivity Clause of the Ohio Constitution, and the Equal Protection Clauses and Double Jeopardy Clauses of the United States and Ohio Constitutions.
On July 21, 1987, defendant pleaded guilty to two counts of attempted rape and was sentenced to concurrent terms of four to fifteen years of imprisonment. In 1998, while defendant was still incarcerated, the Ohio Department of Rehabilitation and Correction recommended that defendant be adjudicated as a sexual predator pursuant to R.C. 2950.09 and notified the Franklin County Court of Common Pleas of that determina-tion. The court scheduled a hearing to assess the recommendation. Prior to the hearing, defendant filed a series of motions requesting that the court declare R.C.2950.09(C) unconstitutional as being impermissibly vague, as an expost facto law, as a retroactive law, and as a violation of the Equal Protection and Double Jeopardy Clauses of the United States and Ohio Constitutions. A hearing was held on August 27, 1998, at which time the court overruled defendant's motions and, based on the evidence adduced at the hearing, determined defendant to be a sexual predator. The decision was formalized in a judgment entry filed on September 22, 1998.
Defendant has appealed, advancing the following five assignments of error:
 [I.] The trial court erroneously determined that R.C. 2950.09(C) does not violate the ban on retroactive laws set forth in Article II, Section 28 of the Ohio Constitution.
 [II.] The trial court erroneously determined that R.C. 2950.09(C) does not violate the ban on ex post facto
lawmaking by the states set forth in Article I, Section 10 of the United States Constitution.
 [III.] Section 2950.09(C) of the Ohio Revised Code imposes multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 [IV.] R.C. 2950.09(C)'s differential treatment of those who remain incarcerated for what is now classified as a sexually oriented offense, and those convicted of comparable offenses who do not remain incarcerated in a state penal institution, is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the comparable guarantee of Article I, Section 2 of the Ohio Constitution.
 [V.] Section 2950.09(C) of the Ohio Revised Code is unconstitutionally vague insofar as it fails to provide specific guidance to courts called upon to determine whether or not an inmate is a sexual predator, and as it fails to allocate the burden of proof.
By the first and second assignments of error, defendant contends that R.C. 2950.09(C) violates both the Retroactivity Clause of Section 28, Article II, of the Ohio Constitution and theEx Post Facto Clause of Section 10, Article I, of the United States Constitution. In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court rejected retroactivity and ex post facto
challenges to the constitutionality of R.C. 2950.09(B), which applies to a person who, regardless of when the sexually oriented offense was committed, is sentenced on or after January 1, 1997. The court held, at paragraphs one and two of the syllabus, that:
 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
At issue in the present case is R.C. 2950.09(C), which applies to a person who was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, and who, on or after January 1, 1997, was serving a term of imprisonment. Although the Cook court did not specifically address R.C.2950.09(C), this court has determined that the rationale applied by the Supreme Court in its determination that R.C. 2950.09(B) violates neither the Ex Post Facto Clause of the United States Constitution nor the Retroactivity Clause of the Ohio Constitution applies to R.C. 2950.09(C). State v. Chappell (Feb. 24, 1998), Franklin App. No. 97APA04-543, unreported (1998 Opinions 357). Accordingly, for the reasons set forth in Cook and Chappell, we overrule defendant's first and second assignments of error.
By the third, fourth and fifth assignments of error, defendant challenges the constitutionality of R.C. 2950.09(C) on grounds that it: (1) violates the Equal Protection Clause of theFourteenth Amendment to the United States Constitution; (2) violates the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution; and (3) is unconstitutionally vague because it fails to provide specific guidance to courts in determining whether an inmate is a sexual predator and fails to allocate the burden of proof. In Chappell, supra, this court held that R.C. 2950.09(C) does not violate the Equal Protection Clause of theFourteenth Amendment to the United States Constitution and is not unconstitutionally vague. Similarly, in State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585 (1998 Opinions 4551), this court held that the statute does not violate the Double Jeopardy Clauses of the Ohio or United States Constitutions. Accordingly, for the reasons stated in Chappell and Johnson, defendant's third, fourth and fifth assignments of error are overruled.
For the foregoing reasons, defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BROWN, J., and LAZARUS, P.J., concur.