DECISION
Defendant-appellant, Robert H. Woodman, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator.
By indictment filed in March 1991, defendant was charged with two counts of rape in violation of R.C. 2907.02, and one count of gross sexual imposition in violation of R.C. 2907.05. On May 17, 1991, defendant entered a guilty plea to one count of rape; following a psychological examination, defendant was sentenced by entry filed July 11, 1991.
On September 19, 1996, defendant filed a motion for post-conviction relief, which the trial court denied. This court affirmed on appeal. State of Ohio v. Robert H. Woodman (Nov. 10, 1997), Franklin App. No. 97APA04-499, unreported. Although the Supreme Court originally allowed an appeal, it subsequently dismissed the appeal as having been improvidently allowed. Statev. Woodman (1998), 81 Ohio St.3d 1259.
By entry filed November 4, 1998, and pursuant to H.B. No. 180, the trial court scheduled a hearing to determine defendant's status as a sexual predator under R.C. Chapter 2950. Defendant's counsel filed motions contending R.C. 2950.09 is unconstitutionally vague, is an ex post facto law, and violates the double jeopardy clauses of the United States and Ohio Constitutions as well as equal protection of the law; the trial court overruled defendant's motions.
On March 9, 1999, the trial court conducted a hearing to determine defendant's sexual predator status. At the hearing, the prosecution submitted the pre-sentence investigation prepared at the time of defendant's sentencing. Defendant testified to the various programs he had undertaken since his conviction and submitted various certificates he had received as a result of his participation.
By decision filed May 17, 1999, the trial court determined defendant to be a sexual predator, despite the numerous programs in which defendant had participated. As the trial court stated: "On one hand, the defendant has pursued various programs and educational opportunities made available by ODRC within the institution. He recognizes that pornography triggered his pedophilic sexual desires, so he plans not to view pornography in the future. The fact remains, however, that those sexual desires exist." (May 17, 1999 Decision p. 7.)
Defendant appeals, assigning the following errors:
 I. THE TRIAL COURT'S DECISION FINDING APPELLANT TO BE A "SEXUAL PREDATOR" AS DEFINED BY 2950.01(E) IS CONTRARY TO THE WEIGHT OF THE EVIDENCE.
 II. THE EVIDENCE PRESENTED AT THE HEARING BY THE STATE WAS INSUFFICIENT TO SUPPORT A FINDING THAT DEFENDANT-APPELLANT IS A SEXUAL PREDATOR, IN VIOLATION OF DUE PROCESS.
 III. THE SEXUAL PREDATOR HEARING VIOLATED PROCEDURAL DUE PROCESS IN THAT WOODMAN RECEIVED INADEQUATE, INSUFFICIENT NOTICE OF HIS SEXUAL PREDATOR HEARING, THUS PREJUDICING HIS ABILITY TO PREPARE TO BE HEARD.
 IV. WOODMAN'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED BY COUNSEL'S REFUSAL TO STOP THE HEARING AFTER LEARNING THAT NO TIMELY NOTICE WAS PROVIDED, BY REFUSING TO CALL WITNESSES ON HIS CLIENT'S BEHALF, BY FAILING TO INVESTIGATE ADEQUATELY AND REASONABLY, AND BY REFUSING TO PRESENT EVIDENCE WHICH WOULD HAVE TENDED THE SHOW THE NON-LIKELIHOOD OF WOODMAN REOFFENDING SEXUALLY IN THE FUTURE.
 V. REVISED CODE CHAPTER 2950 AS IT APPLIES TO SEXUAL PREDATORS WHO WERE CONVICTED AND SENTENCED PRIOR TO JULY 1, 1997, HAS A SUBSTANTIVE EFFECT EVEN THOUGH REMEDIAL, AND AMOUNTS TO A FORFEITURE OR PENALTY, EITHER VIOLATING OR IMPLIEDLY REPEALING R.C. § 1.58(A)
 VI. THE SEXUAL PREDATOR PORTIONS OF R.C. CHAPTER 2950, AS APPLIED TO PERSONS CONVICTED AND SENTENCED PRIOR TO JULY 1, 1997, VIOLATE SUBSTANTIVE DUE PROCESS IN INVASION OF PRIVACY RIGHTS, EQUAL PROTECTION IN THE CLASSES DRAWN, AND OHIO'S "PRIVILEGES AND IMMUNITIES" CLAUSE.
 VII. REVISED CODE CHAPTER 2950 IS UNCONSTITUTIONAL AS TO THE SEXUAL PREDATOR NOTIFICATION PROVISIONS AND OTHER REQUIREMENTS IN THAT IT IS AN EXCESSIVE USE OF THE STATE'S POLICE POWERS.
Defendant's first and second assignments of error challenge the sufficiency and weight of the evidence supporting the trial court's finding defendant to be a sexual predator. Accordingly, they will be addressed jointly.
To the extent defendant challenges his finding as not supported by sufficient evidence, we construe the evidence in favor of the prosecution and determine whether such evidence permits any rational trier of fact to find the defendant to be a sexual predator by clear and convincing evidence. See State v.Jenks (1991), 61 Ohio St.3d 259; State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported.
When presented with a manifest weight argument, we engage in a limited weighing of the evidence to determine whether the jury's verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380
("When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting evidence").Conley, supra. Determinations of credibility and weight of the testimony remain within the province of the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." While the parties do not dispute that defendant committed a sexually oriented offense, defendant's first two assignments of error contend that under the factors set forth in R.C. 2950.09(B), defendant lacks sufficient indicia of recidivism to conclude he is a sexual predator by clear and convincing evidence. Of the factors listed in R.C.2950.09(B)(2), the most pertinent are R.C. 2950.09(B)(2)(c), (f), and (h):
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
* * *
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
* * *
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse[.]
More particularly, according to the pre-sentence investigation admitted as a joint exhibit to the sexual predator hearing, defendant admitted that in late January and early February 1990, he began to introduce his adopted daughter Susan "Missy" Woodman to sex. He did so with a game he referred to as "naked hugs," where defendant would hug Missy when they both wore no clothes. The incidents continued into February and March, and defendant described four incidents of rubbing her genitals and genital manipulation during that time. One incident of genital manipulation occurred in April in his bedroom. In June, defendant performed cunnilingus on Missy, twice in her bedroom and once in his bedroom; she performed fellatio on him. Defendant further admitted to at least four incidents of cunnilingus/fellatio in July which occurred in his bedroom.
According to Missy and her mother, defendant told Missy she was bad and deserved to be punished for what had happened, and that if she told anyone he would go to jail. Although Missy suffered some behavioral problems, she had undergone counseling and was doing well.
Defendant and Mrs. Woodman separated following the incident and at the time of the pre-sentence investigation, a divorce was pending. Mrs. Woodman stated that defendant began to tell stories and "non-truths" about her and the situation, laying blame for the offenses on Mrs. Woodman. She contended that in a few months time defendant had used many methods, from threats to lies, in an effort to manipulate her into helping him receive a lighter sentence. She claimed that all the while, he was "putting on a good show" for his church and counselors.
At the time of the offenses, Missy was eight years of age. R.C. 2950.09(B)(2)(c). Moreover, the offense was not a single isolated incident. Rather, defendant engaged in sexual conduct and contact with the victim over a period of approximately seven months. R.C. 2950.09(B)(2)(h). "Because defendant's crimes involve exploitation of a very young child, a category of victims most easily exploited by acts of sexual abuse because of their relative defenselessness, the likelihood of recidivism is increased." Statev. Ferguson (Mar. 31, 1998), Franklin App. No. 97APA06-858, unreported, judgment affirmed 84 Ohio St.3d 13. In a similar case, with facts less aggravated than those present here, the court found the "age of the victim is probative because it serves a telling indicator of the depths of the offender's inability to refrain from such illegal conduct. *** Any offender disregarding this universal legal and moral deprivation demonstrates such a lack of restraint that risk of recidivism must be viewed as considerable." State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported, judgment affirmed 84 Ohio St.3d 12.
In response, defendant cites to the numerous classes in which he has participated. Cf. R.C. 2950.09(B)(2)(f). Defendant testified that as a result of the programs he learned what his crimes did to the victim, about the triggering factor which caused his actions, about the effect earlier experiences in his life had had on his propensity to that type of action, and about the options for healthy expression of feelings. As an example, defendant learned he had a very serious problem with pornography and came to realize he could never be around it. Although pornography is available in the prison, defendant testified that he does everything he possibly can to avoid it because he knows it is one of his triggering mechanisms. As defendant explained, "when somebody offers me a sex magazine, I refuse. I tell them I don't want to see it." (Tr. 7.)
While defendant's participation in the various programs unquestionably is appropriate, the trial court is not required to believe that mere participation in the programs eliminates the likelihood of recidivism. Indeed, as the trial court explained: "On the one hand, the defendant has pursued various programs and educational opportunities made available by ODRC within the institution. He recognizes that pornography triggered his pedophilic sexual desires, so he plans not to view pornography in the future. The fact remains, however, that those sexual desires exist." (May 17, 1999 Decision, p. 7.) In the final analysis, given the very young age of the victim, the nature of the sexual conduct defendant had with the victim, and the length of time over which the conduct occurred, the trial court's finding defendant to be a sexual predator is supported by sufficient evidence and is not against the manifest weight of the evidence, especially in the absence of any testimony suggesting defendant's likelihood to re-offend is minimal. Accordingly, defendant's first and second assignments of error are overruled.
Defendant's third and fourth assignments of error challenge the procedural aspects of his sexual predator hearing. Defendant contends that he received inadequate notice of his hearing, and that counsel was ineffective in refusing to stop the hearing after learning that no timely notice had been provided.
According to the record, by entry filed November 4, 1998, the trial court scheduled a sexual predator hearing for defendant on March 3, 1999. Because defendant was indigent and unable to employ counsel, the court appointed the Public Defender to act as defendant's counsel for purpose of the hearing. By notice filed November 9, 1998, defendant, an attorney in the Public Defender's office, and an attorney in the prosecutor's office were advised of the March 3 hearing; similarly, all were advised of the rescheduled date. While defendant's notices were not mailed to the correctional institution but to defendant's last address of record, nothing in the transcript of hearing or the rest of the record suggests defendant did not receive the notices. Indeed, defendant never raised the issue before the trial court. Accordingly, we are unable to find that defendant received inadequate or insufficient notice of his sexual predator hearing.
Defendant also contends counsel was ineffective not only in failing to stop the hearing after learning of insufficient notice, but also in failing to adequately prepare for the hearing or to conduct the hearing with all available resources. Assuming an ineffective assistance of counsel claim is properly raised in the context of sexual predator hearings, this record fails to support defendant's contentions. As noted, the record fails to reveal insufficient notice of defendant's sexual predator hearing. Counsel was not ineffective, then, in failing to raise a non-issue. Moreover, although defendant contends counsel inadequately prepared for the hearing and refused to present favorable evidence, the record fails to disclose what evidence should have been presented. As a result, it likewise fails to indicate defendant was prejudiced by counsel's alleged failures. In the absence of the requisite prejudice being demonstrated, defendant has failed to show ineffective assistance of counsel.
For the foregoing reasons, defendant's third and fourth assignments of error are overruled.
Defendant's fifth, sixth, and seventh assignments of error challenge the constitutionality of R.C. Chapter 2950. While the three assignments of error are somewhat unclear, defendant's arguments appear to contend that the statute is unconstitutional because it is being applied retroactively, because it denies him due process or equal protection of law, or because it is an improper use of the state's police powers.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court rejected ex post facto and retroactivity challenges to R.C. Chapter 2950. Moreover, the legislation does not violate equal protection or due process guarantees. State v. White (1998),131 Ohio App.3d 587; State v. Bradley (June 19, 1998), Montgomery App. No. 16663, unreported. Finally, this court similarly has rejected the rationale of State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, and found R.C. Chapter 2950 is not an improper use of the state's police power. State v. Cornwell
(Feb. 17, 2000), Franklin App. No. 99AP-566, unreported.
Accordingly, defendant's fifth, sixth, and seventh assignments of error are overruled.
Having overruled all of defendant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, J., BOWMAN, P.J., and TYACK, J., concur.